IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR RODRIGUEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF GRAND PRAIRIE and | § | |
| JORJA CLEMSON, JIM SWAFFORD, | § | CIVIL ACTION NO. 3:15-CV-00718-M |
| LILA THORN, RICHARD FREGOE, | § | |
| TONY SHOTWELL, JEFF | § | |
| WOOLDRIDGE, JEFF COPELAND, | § | |
| GREG GIESSNER, and RON JENSEN, in | § | |
| their official capacities, | § | |
|     Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

1. The un-numbered two paragraphs titled "Preliminary Statement" appear to precede the Complaint and require no response; however, to the extent that any response is necessary, the defendants deny the allegations of the Preliminary Statement.

2. Defendants admit the allegations of paragraphs 1 and 2 of the Complaint.

3. Defendants have insufficient information to admit or deny the allegations of paragraph 3 of the Complaint.

4. Defendants admit the allegations of the first and third sentences of paragraph 4 and deny the allegations of the second sentence.

5. Defendants admit the allegations of paragraphs 5-14 of the Complaint.[1]

---

[1] The sequence of paragraphs in part III.B of the Complaint, ranging from paragraphs 4-14, does not contain a paragraph 12.  There is a paragraph 12 that follows paragraph 14, and there is a second paragraph 13 and paragraph 14.

6. Defendants have insufficient information to admit or deny the allegations of the first two sentences of paragraph 12. Defendants deny the allegations of the third sentence of paragraph 12.

7. Defendants admit the allegations of the second paragraph 13, which relates to the population of the City of Grand Prairie.

8. Defendants admit the allegations of the second paragraph 14, which relates to the size and growth of the Latino population, except that the characterization of the city council's ethnic composition as sad merely reflects the plaintiff's opinion and requires no response.

9. Defendants admit the allegations of paragraph 15 except for the allegation that the terms are staggered depending on whether the seats have an odd or even number, and defendants deny that allegation.

10. Defendants admit the allegations of paragraph 16.

11. Defendants admit that six of the city's nine elected officials reside in three of the six districts, but deny the remaining allegations of paragraph 17.

12. Defendants admit the first three sentences of paragraph 18. In the fourth sentence of paragraph 18 it is unclear what the plaintiffs mean by the term "predominantly Latino district," and to the extent there was a reduction in the concentration of Latinos in the most heavily Latino districts, it was primarily a result of the intersection of the one person-one vote requirements of the U. S. Constitution and the dispersion of the Latino residents of the city. Accordingly, the defendants deny the fourth sentence of paragraph 18.

13. In regard to the first sentence of paragraph 19, the 2010 Census does not report citizenship, so the defendants cannot admit the allegations of that sentence. In regard to the second sentence of the paragraph, the defendants cannot either admit or deny what "one could

expect," and therefore deny the allegations of that paragraph. Defendants admit the allegations of the third sentence, but do not have sufficient information to admit or deny the allegations of the fourth sentence.

14. Defendants deny the allegations of paragraph 20.

15. Determination of voting patterns by race or ethnicity requires expert analysis, which will be performed in the course of this lawsuit but has not yet occurred. Accordingly, the city is without sufficient information at this time either to admit or deny the allegations of paragraph 21.

16. Determination of voting patterns by race or ethnicity requires expert analysis, which will be performed in the course of this lawsuit but has not yet occurred. Accordingly, the city is without sufficient information at this time either to admit or deny the allegations of paragraph 22, except that the city can and does deny the allegation of indifference to the interests of the Latino community.

17. The allegations of official and private discrimination in paragraph 23 are sufficiently vague that the defendants do not have sufficient information to admit or deny them. It does deny that any such discrimination heightened the alleged vote dilution supposedly caused by the electoral system.

18. In regard to paragraph 24, the defendants recognize that there has been historical discrimination against Latinos but do not have sufficient information to determine the significance of the contribution of any discrimination on the socio-economic status of Latinos.

19. Defendants admit that the electoral system includes the three elements set out in the first sentence of paragraph 25 but deny that those elements impair Latino electoral success.

    Defendants deny the allegations of the second sentence of paragraph 25 and are without sufficient information at this time either to admit or deny the allegations of the third sentence.

20. Defendants deny the allegations of paragraph 26 of the Complaint.

21. In regard to the allegations of paragraph 27, defendants admit that one of multiple goals in drawing districts in 2011 was to recognize and maintain the existing configuration of districts, including, to the extent possible, maintaining districts composed largely of Latinos.  The defendants deny the remainder of the paragraph including any implication of the paragraph that the city's electoral system was not in compliance with the Voting Rights Act.

22. Paragraph 28 simply incorporates the allegations of previous paragraphs.  No response is necessary other than to adopt the defendants' prior response to the allegations of those paragraphs.

23. Defendants deny the allegations of paragraph 29.

24. Determination of voting patterns by race or ethnicity requires expert analysis, which will be performed in the course of this lawsuit but has not yet occurred.  Accordingly, the defendants are without sufficient information at this time either to admit or deny the allegations of paragraph 30.

25. Determination of voting patterns by race or ethnicity requires expert analysis, which will be performed in the course of this lawsuit but has not yet occurred.  Accordingly, the defendants are without sufficient information at this time either to admit or deny the allegations of paragraph 31.

26. Defendants deny the allegations of paragraphs 32-34.

27. Paragraph 35 simply incorporates the allegations of previous paragraphs. No response is necessary other than to adopt the defendants' prior response to the allegations of those paragraphs.

28. In regard to the allegations of paragraph 36, defendants admit that the Voting Rights Act authorizes the plaintiff to seek relief but denies that they are entitled to such relief.

29. Defendants deny the allegations of paragraph 37.

30. Defendants deny that plaintiffs are entitled to the relief sought in paragraph 38.

31. Paragraph 39 simply incorporates the allegations of previous paragraphs. No response is necessary other than to adopt the defendants' prior response to the allegations of those paragraphs.

32. Defendants deny the allegations of paragraph 40.

33. In regard to the allegations of paragraph 41, defendants deny that plaintiff is entitled to any award of fees or expenses.

34. Defendants deny that plaintiff is entitled to any of the relief sought in the Prayer.

Dated: March 25, 2015

Respectfully submitted,

C. ROBERT HEATH
bheath@bickerstaff.com
State Bar No. 09347500
Lead Counsel
BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone:  (512) 472-8021
Facsimile:  (512) 320-5638

By:     */s/ C. Robert Heath*
            C. Robert Heath


DONALD POSTELL
City Attorney
dpostell@gptx.org
State Bar No. 16168300
STEPHEN ALCORN
Assistant City Attorney
salcorn@gptx.org
State Bar No. 00978300
Local Counsel
CITY OF GRAND PRAIRIE, TEXAS
City Attorney's Office
P.O. Box 534045
Grand Prairie, Texas 75053
Telephone:     (972) 237-8026
Facsimile:      (972) 237-8030

ATTORNEYS FOR DEFENDANTS

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2015, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and that a true and correct copy of this document was served upon all counsel of record by electronic service through the Court's ECF system pursuant to the applicable Rule(s):

William A. Brewer III
wab@bickelbrewer.com
Jack G. B. Ternan
jgt@bickelbrewer.com
Gregory A. Brassfield
gxb@bickelbrewer.com
BICKEL & BREWER STOREFRONT, PLLC
1717 Main Street, Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015


*/s/ C. Robert Heath*
C. Robert Heath